UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CRAIG CUNNINGHAM, on behalf of himself and all
others similarly situated,

                              Plaintiff,

         -vs.-

MEDGUARD ALERT, INC.,

                          Defendant.

**COMPLAINT**

**18 CV _____**

**Class Action**

**Jury Demanded**

       Comes now Craig Cunningham ("Cunningham" or "Plaintiff"), on behalf of himself and all others similarly situated, and alleges as follows:

       1.       Plaintiff is bringing this class action against Medguard Alert, Inc. ("Medguard" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the regulations promulgated thereunder (the "TCPA").

       2.       Defendant, using an autodialer, caused to be made at least one (1) call to Plaintiff on his cell phone using a prerecorded or artifical-voice encouraging him to purchase a medical alert system.  This call violated the TCPA, which prohibits the making of any advertising or telemarketing telephone calls to a residential or cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice without the prior written express consent of the person to whom the call is made.   For the past four years, Defendant made thousands of identical or substantially similar calls to the cellular and residential telephones of thousands of persons throughout the United States without obtaining the written prior express consent of the persons being called. Accordingly, Plaintiff is bringing this class action.

## PARTIES

3.      Plaintiff is a citizen of Texas and resides in Plano.

4.      Upon information and belief, Medguard is a Connecticut corporation with its principal place of business located at 1125 Middle Street, Middletown, Connecticut 06547.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6.      Venue is this judicial district is proper under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which the Defendant resides.

## STATUTORY BACKGROUND

### The TCPA

7.      The TCPA generally prohibits a person from initiating any telephone call, using an artificial or prerecorded voice to deliver a message, that is made for a commercial purpose, and introduces an advertisement or constitutes telemarketing, to any residential telephone line or cellular telephone line, without the prior express written consent of the called party. 47 U.S.C. § 227(b)(1)(a)(iii), (b)(1)(B); 47 C.F.R.  §§ 64.1200(a)(2).

8.      The TCPA defines the term "advertisement" as "any material advertising the commercial availability or quality of any property goods, or services."  47 C.F.R. § 64.1200(f)(1).

9.       The TCPA defines the term "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

10.      Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

## DEFENDANT'S ILLEGAL CONDUCT

11.     Upon information and belief, on May 11, 2018, Defendant, without Plaintiff's prior express written consent made, initiated and/or caused to be initiated a telephone call to Plaintiff's cellular telephone number, which was and remains 615-348-1977, and delivered the following message with a prerecorded or artificial voice: "Hi.  This is Todd with the fulfillment department. Your wellness package is ready to be shipped.  Please press 1 and hold the line to receive a medical alert system.  One out of every three Americans that are over 65 fall every year in the U.S., and that fall may be the last.  Don't be a statistic.  Press 1 now to receive a medical alarm pack (unintelligible) no cost."

12.     Plaintiff pressed one, and in an attempt to identify the company that made the call, Plaintiff ordered a medical alert system.  From subsequent conversations with persons who

confirmed Plaintiff's order, Plaintiff learned that the company that made the above-described call to him was Defendant.

13.     In addition, Plaintiff learned from Defendant's representative that as part of the Plaintiff's order for the medical alert system, Plaintiff would have to agree to pay $29.95 a month to Defendant for Defendant's services in monitoring of communication from the medical alert device

14.     Prior to receiving the above-described prerecorded or artificial voice telephone call from Defendant, Plaintiff had never ordered any of Defendant's products or services.

15.     Plaintiff suffered concrete harm as a result of the above telephone call in that the telephone call tied up Plaintiff's telephone line, invaded Plaintiff's privacy, used up energy from Plaintiff cell phone battery, and wasted Plaintiff's time.

16.     Upon information and belief, from four years prior to the filing of the instant Complaint to the date of the filing of the instant Complaint, Defendant initiated or caused to be initiated thousands of telephone calls to cellular and residential telephones of thousands persons throughout the United States, without having received prior express written consent from the called parties, that included or introduced prerecorded or artificial voice messages that were identical or substantially similar to the prerecorded or artificial voice message described above that Defendant communicated to Plaintiff.

## CLASS ALLEGATIONS

17.     Plaintiff brings this class action on behalf of himself and all others similarly situated, under Rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure, for Defendant's violations of the TCPA.

18.     Plaintiff seek to represent a class of individuals ("the Class") defined as follows:

4

All persons in the United States, from four years prior to the filing of the instant Complaint through the date of the filing of the instant Complaint, to whom Defendant initiated and/or caused to be initiated any calls to the persons' cellular telephones or residential telephones, that delivered a prerecorded or artificial voice message identical or substantially similar to the prerecorded or artificial voice message described above that Defendant delivered to Plaintiff.

19.     <u>Numerosity</u>: The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class's members through this class action will benefit both the parties and this Court.

20.     Upon information and belief the Class contains at a minimum thousands of members.

21.     Upon information and belief, the Class's size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's call records.

22.      Members of the Class may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

23.     <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the members of the Class.  The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

24.     Defendant made, initiated and/or caused to be initiated at least one telephone call to Plaintiff and each member of the Class, without obtaining the called parties' prior express

written consent, that, using an artificial or prerecorded voice, delivered a message identical or substantially similar to the message described above that Defendant left for Plaintiff.

25.     <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class.

26.     The questions of fact and law common to Plaintiff and Class predominate over questions which may affect individual members and include the following:

(a)     Whether Defendant obtained the prior express written consent of Plaintiff and each member of the class before initiating or causing to be initiated at least one telephone call to Plaintiff and each member of the Class that used a prerecorded or artificial voice to deliver a message identical or substantially similar to the prerecorded or artificial voice message described above that Defendant delivered to Plaintiff?

(b)     Whether Defendant's conduct of, without the prior express written consent of Plaintiff and each member of the class, initiating or causing to be initiated at least one telephone call to Plaintiff and each member of the Class, which call used a prerecorded or artificial voice to deliver a message identical or substantially similar to the prerecorded or artificial voice message described above that Defendant delivered to Plaintiff, violated the TCPA?

(c)     Whether Plaintiff and the members of the Class are entitled to statutory damages from Defendant under the TCPA?

(d)     Whether Defendant's violations of the TCPA were willful or knowing?

(e)     Whether Plaintiff and the members of the Class are entitled to up to triple statutory damages under the TCPA from Defendant for Defendant's willful and knowing violations of the TCPA?

(f)      Whether Plaintiff and the members of the Class are entitled to a permanent injunction under the TCPA enjoining Defendant from continuing to engage in its unlawful conduct?

27.      Adequacy of Representation:  Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class.  Plaintiff has retained counsel who is competent and experienced in litigation in the federal courts and class action litigation.

28.      Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that

would preclude its maintenance as a class action.

29.     _Injunctive Relief_:  Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and the members of the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

30.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

31.     By Defendant's above-described conduct, Defendant committed thousands of violations of the TCPA against Plaintiff and the members of the Class.

32.     Accordingly, Plaintiff and the members of the Class are entitled to statutory damages from Defendant under 47 U.S.C. § 227(b)(3) of greater than $5,000,000 and an injunction against Defendant ordering it to cease its violations of the TCPA.

33.     If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A.     An order certifying the Class and appointing Plaintiff as the representative of the Class and appointing the law firm representing Plaintiff as counsel for the Class;

B.     An award to Plaintiff and the members of the Class of more than $5,000,000 against Defendant for its violations of the TCPA;

C.      If it is found that Defendant willfully and/or knowingly violated the TCPA, Plaintiff and the members of the Class request an increase by the Court of the damage award against Defendant, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations, which amounts to greater than $15,000,000;

D.      An injunction against Defendant, on behalf of Plaintiff and the members of the Class, prohibiting Defendant from violating the TCPA;

E.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
         May 29, 2018

Respectfully submitted,

**BELLIN & ASSOCIATES LLC**

*/s/ Aytan Y. Bellin*
Aytan Y. Bellin (ct28454)
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 358-5345
Fax: (212) 571-0284
E-mail: aytan.bellin@bellinlaw.com

*Attorneys for Plaintiff and the Proposed Class*