**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CRAIG CUNNINGHAM, on behalf of himself and all others similarly situated,<br>                    Plaintiffs,<br>        vs.<br><br>MEDGUARD ALERT, INC.<br>                    Defendants. | Civil Action No.18-cv-00897<br><br><br>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS UNDER FRCP R. 12(f) AND DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b) |

## <u>TABLE OF CONTENTS</u>

Table of Contents…………………………………………………………..…………………I

Table of Authorities…………………………………………………………………….…II - IV

   I.   PRELIMINARY STATEMENT………………………………………………...…..1

   II.   INSOFAR AS PLAINTIFF'S CLAIM IS PREMISED ON 47 U.S.C. 227(b)(1)(B), THAT CAUSE OF ACTION MUST BE DISMISSED UNDER FRCP R. 12 (b) (6) BECAUSE HE IS NOT A RESIDENTIAL PHONE SUBSCRIBER……………………2

   III.   PLAINTIFFS' CLASS ALLEGATIONS ON BEHALF OF RESIDENTIAL TELEPHONE SUBSCRIBERS MUST BE STRICKEN UNDER FRCP 12(f)…….....…4

      1.   Plaintiff Lacks Class Standing with Respect to Residential Telephone Calls…....5

      2.   Plaintiff's Class Allegations must also be Stricken as his Claim (i.e. a Call to his Cellular Phone which was allegedly Violative of a Particular Provision of 47 U.S.C. § 227) is not Typical of the other Members of the Proposed Class……….6

   IV.   Conclusion……………………………………………………………………...……8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*,
    821 F.3d 352 (2d Cir. 2016) ....................................................................3

*Calibuso v. Bank of Am. Corp.*,
    893 F. Supp. 2d 374 (E.D.N.Y. 2012) .......................................................6

*Callari v. Blackman Plumbing Supply, Inc.*,
    307 F.R.D. 67 (E.D.N.Y. 2015) ...............................................................7

*Comcast Corp. v. Behrend*,
    133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013) ..............................................7

*Cunningham v. Rapid Response Monitoring Servs.*,
    251 F. Supp. 3d 1187 (M.D. Tenn. 2017) ................................................1

*DeBose v. Fedex Corp.*,
    2009 U.S. Dist. LEXIS 46688 (S.D.N.Y. June 2, 2009) ...........................4

*Dezelan v. Voya Ret. Ins. & Annuity Co.*,
    No. 3:16-cv-1251, 2017 U.S. Dist. LEXIS 104572 (D. Conn. July 6, 2017) ..........................5

*Emilio v. Sprint Spectrum L.P.*,
    68 F. Supp. 3d 509 (S.D.N.Y. 2014) .........................................................6

*Frasier v. Black & Decker, Inc.*,
    109 F. Supp. 3d 498 (D. Conn. 2015) ......................................................4

*In re Initial Pub. Offerings Sec. Litig.*,
    471 F.3d 24 (2d Cir. 2006) .......................................................................7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014) ..............................................3

*Mayfield v. Asta Funding*,
    95 F. Supp. 3d 685 (S.D.N.Y. 2015).........................................................6

*Perez v. Allstate Ins. Co.*,
    No. 11-CV-1812 (JFB) (AKT), 2014 U.S. Dist. LEXIS 130214, 2014 WL
    4635745 (E.D.N.Y. Sept. 16, 2014)..........................................................7

*Pollock v. Bay Area Credit Service, LLC*,
    No. 08-61101-Civ., 2009 U.S. Dist. LEXIS 71169, 2009 WL 2475167 (S.D.
    Fla., Aug. 13, 2009) .................................................................................3

*Pugliese v. Prof'l Recovery Serv.*,
   No. 09-12262, 2010 U.S. Dist. LEXIS 64111 (E.D. Mich. June 29, 2010) ............................3

*Rahman v. Smith & Wollensky Rest. Grp.*,
   2008 U.S. Dist. LEXIS 2932 (S.D.N.Y. Jan. 16, 2008)....................................................4

*Roach v. T.L. Cannon Corp.*,
   778 F.3d 401 (2d Cir. 2015)................................................................................7

*Rogers v. Capital One Servs., LLC*,
   2011 U.S. Dist. LEXIS 17064 (D. Conn. Feb. 19, 2011), *aff'd,* 447 Fed. Appx.
   246 (2d Cir.2011)............................................................................................4

*Spokeo, Inc. v. Robbins*,
   136 S. Ct. 1540 (2016)......................................................................................5

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*,
   546 F.3d 196 (2d Cir. 2008).................................................................................7

*In re Trilegiant Corp., Inc.*,
   11 F. Supp. 3d 82 (D. Conn. 2014).........................................................................4

*Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*,
   274 F.R.D. 229 (S.D. Ill. 2011) .........................................................................5, 8

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011).................................................7

**Statutes**

47 CFR § 64.1200(a)(1)-(2)....................................................................................1

47 CFR § 64.1200(a)(3)........................................................................................1

47 U.S.C. § 227...........................................................................................2, 6

47 U.S.C. §227 (b) (1) (a) (iii).......................................................................1, 3, 5

47 U.S.C. §227(b)(1)(B) .......................................................................1, 2, 3, 4, 5, 8

47 U.S.C. §227 (b) (3) .......................................................................................1

Fed. R. Civ. P. 23(a) (1)....................................................................................6

Fed. R. Civ. P. 23(c)(1)(A)..................................................................................6

FRCP 12 (b) (1) .............................................................................................3

FRCP 12 (b)(6) ........................................................................................3, 4, 6, 8

FRCP 12(f)..............................................................................................................4, 8

Defendant, Medguard Alert, Inc. by and through its undersigned counsel, states the following in support of its motion to strike plaintiff's class allegations under FRCP 12 (f) and its motion to dismiss plaintiff's cause of action under FRCP 12 (b) (6) insofar as it is premised on an alleged violation of 47 U.S.C. § 227(b)(1)(B).

## I.  PRELIMINARY STATEMENT

Defendant, Medguard Alert, Inc. ("MedGuard") is a Connecticut corporation that provides medical monitoring services.  Plaintiff is a "serial" professional litigant who has filed dozens of TCPA lawsuits.[1]  According to plaintiff's Complaint, he received an allegedly violative telemarketing call to his cell phone, which "used up energy from Plaintiff (sic) cell phone battery."  Complaint ("Compl.") ¶ ¶ 11, 15.  Based on this factual predicate, plaintiff asserts a single cause of action, purportedly under 47 U.S.C. §227 (b) (3), and brings this putative nationwide class action lawsuit against Medguard, on behalf of himself and a class of "[a]ll persons in the United States…to whom Defendant initiated or caused to be initiated any calls to the persons' cellular telephones or residential telephones…" Compl. ¶ 18.

47 U.S.C. §227 (b) (3) is simply a paragraph that provides for a private right of action for violations of the statute.  But, in order for a cell phone subscriber -- which Cunningham is alleged to be -- to maintain a cause of action, he would need to demonstrate violations of 47 U.S.C. §227 (b) (1) (a) (iii); 47 CFR § 64.1200(a)(1)-(2).  And, in order for a residential phone subscriber to maintain a cause of action, that subscriber would need to demonstrate violations of 47 U.S.C. § 227(b)(1)(B); 47 CFR § 64.1200(a)(3).  Given that plaintiff alleges only that he was called on his cellular phone, he cannot assert any claims under 47 U.S.C. § 227(b)(1)(B), which he would need to assert in order to maintain this action on behalf of a putative class of residential telephone subscribers.

---

[1] *Cunningham v. Rapid Response Monitoring Servs*., 251 F. Supp. 3d 1187, 1191-1196 (M.D. Tenn. 2017).

1

Indeed, plaintiff does not explicitly reference 47 U.S.C. § 227(b)(1)(B) anywhere in his first cause of action (Compl. ¶ ¶ 30-32), though he cites this provision under the "statutory background section" in the Complaint (Compl. ¶ 7) and then ostensibly incorporates it "by reference" into the first cause of action.  Compl ¶ 30.  Insofar as plaintiff's first cause of action is premised on of 47 U.S.C. § 227(b)(1)(B), that cause of action must be dismissed under FRCP 12 (b) (6) because he is not a residential phone subscriber.

Further, plaintiff's class allegations on behalf of residential phone subscribers must be stricken because he is not a residential phone subscriber and thus lacks class standing to proceed under 47 U.S.C. § 227(b)(1)(B).  Plaintiff's class allegations must also be stricken as his claim (i.e. a call to his cellular phone which was allegedly violative of a particular provision of 47 U.S.C.  § 227) is not typical of the other members of the proposed class (i.e. residential telephone consumers) given that proof of the plaintiff's factual circumstances will not automatically prove the claims of all other members of the proposed  class.  This is because 47 U.S.C.  § 227 has different provisions for cell phone calls and residential phone calls and treats calls to cell phones and calls to residential phones differently.  Accordingly, the claims or defenses associated with calls to cell phones differ from the claims or defenses associated with calls to residential telephones.

## II.     INSOFAR AS PLAINTIFF'S CLAIM IS PREMISED ON 47 U.S.C. 227(b)(1)(B), THAT CAUSE OF ACTION MUST BE DISMISSED UNDER FRCP R. 12 (b) (6) BECAUSE HE IS NOT A RESIDENTIAL PHONE SUBSCRIBER

To state a claim for calls made to a cellular phone, a plaintiff must establish that: (1) a call was placed to his cell or wireless phone, (2) by the use of any automatic dialing system and leaving an artificial or prerecorded message, and (3) without prior consent of the recipient. 47 U.S.C. § 227(b)(1)(A); *See Pollock v. Bay Area Credit Service, LLC*, No. 08-61101-Civ., 2009

U.S. Dist. LEXIS 71169, 2009 WL 2475167, **9-10 (S.D. Fla., Aug. 13, 2009); *Pugliese v. Prof'l Recovery Serv.*, No. 09-12262, 2010 U.S. Dist. LEXIS 64111, at *19 (E.D. Mich. June 29, 2010). But, in order to state a claim for calls made to a residential telephone line, plaintiff must establish that (1) a call was made to his residential telephone line; (2) using an artificial or prerecorded voice to deliver a message; (3) without prior consent of the recipient.[2] 47 U.S.C. § 227(b)(1)(B).

Here, plaintiff's Complaint plainly indicates that the allegedly violative call underlying the complaint was made only to plaintiff's cellular phone. Compl. ¶¶ 2, 11. Accordingly, plaintiff can only proceed under 47 U.S.C. § 227(b)(1)(A). Nevertheless, plaintiff improperly seeks to assert a class action on behalf of cellular telephone *and* residential telephone subscribers.[3] Compl. ¶ 18. And, plaintiff ostensibly incorporates an earlier reference to 47 U.S.C. § 227(b)(1)(B) into his first cause of action. Compl. ¶¶ 7, 30. Thus, to the extent his single cause of action is in any way premised on 47 U.S.C. § 227(b)(1)(B), that cause of action must be dismissed under FRCP 12 (b) (6).

---

[2] Unless the call is for emergency purposes; is not made for a commercial purpose; is made for a commercial purpose but does not include transmission of any unsolicited advertisement; is made by or on behalf of a tax-exempt nonprofit organization; delivers a "health care" message as described in the rule; or is made solely to collect a debt owed to or guaranteed by the United States. Id.

[3] As set forth by the 2nd Circuit in *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352 (2d Cir. 2016), this issue is appropriate for resolution under FRCP 12 (b)(6) as opposed to resolution under FRCP 12 (b) (1). As the court explained:

> A plaintiff must have a cause of action under the applicable statute. This was formerly called "statutory standing." In the past, we suggested that this was either "a separate aspect of standing or a part of the prudential aspect of standing. The Supreme Court has recently clarified, however, that what has been called "statutory standing" in fact is not a standing issue, but simply a question of whether the particular plaintiff "has a cause of action under the statute." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1387, 188 L. Ed. 2d 392 (2014). This inquiry "does not belong" to the family of standing inquiries because "the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional power to adjudicate the case." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 359 (2d Cir. 2016) (some internal citations and quotations omitted).

### III.   PLAINTIFFS' CLASS ALLEGATIONS ON BEHALF OF RESIDENTIAL TELEPHONE SUBSCRIBERS MUST BE STRICKEN UNDER FRCP 12(f)

Given that, *inter alia*, plaintiff has not alleged that he received a call to his residential line, the Court must strike plaintiff's nationwide class action allegation pertaining to "residential telephones" pursuant to Federal Rule of Civil Procedure 12(f).  "A court may grant a motion to strike and order deletion of portions of a complaint's class claims where ... it is clear that plaintiffs cannot possibly prove the deleted portions of those claims." *Rogers v. Capital One Servs., LLC*, 2011 U.S. Dist. LEXIS 17064, at * 24 (D. Conn. Feb. 19, 2011), *aff'd,* 447 Fed. Appx. 246 (2d Cir.2011) (quoting *Rahman v. Smith & Wollensky Rest. Grp.,* 2008 U.S. Dist. LEXIS 2932, at * 11 (S.D.N.Y. Jan. 16, 2008)); *see also In re Trilegiant Corp., Inc.*, 11 F. Supp. 3d 82, 113 (D. Conn. 2014) ("[t]his alleged bar to the class proceeding... is a statutory restriction unrelated to the issues to be addressed at the class certification stage....").

Whether a plaintiff who only received an allegedly violative call to his cellular phone can represent a nationwide class of cellular *and residential* subscribers under the TCPA is a purely legal (i.e. statutory) matter that can be determined based on the face of the Complaint. Therefore, the Court need not wait until a motion for class certification to strike class allegations on this basis. *See DeBose v. Fedex Corp.*, 2009 U.S. Dist. LEXIS 46688, at * 5 (S.D.N.Y. June 2, 2009) (striking class allegations where plaintiff could not succeed on them as a matter of law); *see also Frasier v. Black & Decker, Inc.*, 109 F. Supp. 3d 498 (D. Conn. 2015) (striking class allegations for lack of statutory standing).  As set forth in greater detail below, because plaintiff cannot possibly proceed with TCPA class claims with respect to residential telephone calls, plaintiff's nationwide class action allegation pertaining to residential telephones should be stricken now.

1. **Plaintiff Lacks Class Standing with Respect to Residential Telephone Calls**

As this court explained in *Dezelan v. Voya Ret. Ins. & Annuity Co.,* No. 3:16-cv-1251, 2017 U.S. Dist. LEXIS 104572 at *19-20 (D. Conn. July 6, 2017), "once a putative class representative has established standing to sue a defendant on at least one claim, she can assert 'class standing' if she plausibly alleges (1) that she personally has suffered some actual ... injury because of the putatively illegal conduct of the defendant, thus satisfying Article III standing requirements, and (2) that such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants." (internal citations omitted).  Here, plaintiff, who allegedly received a single violative call to his cell phone, does not have standing to represent a national class of individuals who received calls to their residential lines.  This is because of, *inter alia*, the differences between the statutory provisions governing calls to cellular lines and residential lines.  Indeed, in *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.,* 274 F.R.D. 229, 231 (S.D. Ill. 2011) the court noted that there were different legal theories and different defenses associated with calls to residential telephone lines versus cellular telephone lines and ruled that a class could not be certified.

Further, presumably in view of *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540 (2016) -- where the United States Supreme Court expressly rejected the argument that a mere procedural violation rises to the level of a concrete harm and noted that a violation of a statute's procedural requirements may result in no harm -- plaintiff's Complaint indicates that the allegedly violative call "used up energy from Plaintiff (sic) cell phone battery."  Compl. ¶ ¶ 11, 15.  While this alleged concrete harm may apply to cellular phone users like plaintiff, it does not apply to residential line subscribers.  Accordingly, the concerns implicated by violations of 47 U.S.C. § 227(b)(1)(A) and violations of 47 U.S.C. § 227(b)(1)(B) are not the same.

**2.   Plaintiff's Class Allegations must also be Stricken as his Claim (i.e. a Call to his Cellular Phone which was allegedly Violative of a Particular Provision of 47 U.S.C. § 227) is not Typical of the other Members of the Proposed Class.**

Striking deficient class allegations comports with Rule 23's directive that courts determine whether a class may be certified "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A).  A class action may only be certified if it meets the following requirements set forth in Fed. R. Civ. P. 23(a): (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation").  In addition, where plaintiffs seek a class under Rule 23(b)(3), plaintiff must show that: (i) "the questions of law or fact common to class members predominate over any questions affecting only individual members," also referred to as the "predominance" requirement; (ii) and "the class action [be] superior to other available methods for fairly and efficiently adjudicating the controversy," also known as the "superiority" requirement.

"The party seeking class certification bears the burden of proving compliance with each of Rule 23's requirements by a preponderance of the evidence." *Callari v. Blackman Plumbing Supply, Inc.,* 307 F.R.D. 67, 74 (E.D.N.Y. 2015) (citing *Perez v. Allstate Ins. Co.,* No. 11-CV-1812 (JFB) (AKT), 2014 U.S. Dist. LEXIS 130214, 2014 WL 4635745, at *12 (E.D.N.Y. Sept. 16, 2014); *see also Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196, 202 (2d Cir. 2008) ("Today, we dispel any remaining confusion and hold that the preponderance of the evidence standard applies to evidence proffered to establish Rule 23's requirements.").  In that regard, a district court may only certify a class action if it concludes after a "rigorous analysis" that the proposed class meets the requirements of Rule 23(a) and (b)

6

by a preponderance of the evidence. See *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) ("A class may be certified only if, 'after a rigorous analysis,' the district court is satisfied that the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure are met.") (quoting *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432, 185 L. Ed. 2d 515 (2013)). Such an analysis will often "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011); accord *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008) ("'[T]he obligation to make such [factual] determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement.'"), citing *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006).

Here, it would be impossible to certify the putative class as set forth and defined in the Complaint (Compl. ¶ 18) because Cunningham's individual cellular phone claim is not typical of the other members of the proposed class (i.e. residential telephone consumers) given that proof of the plaintiff's factual circumstances will not automatically prove the claims of all other members of the proposed class.  See *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 231 (S.D. Ill. 2011) (noting different legal theories and different defenses associated with calls to residential telephone lines versus cellular telephone lines and ruling that a class cannot be certified).  Accordingly, the class allegations should be stricken now.

## IV.      Conclusion

For the reasons set forth herein, defendant respectfully requests that the court strike plaintiff's class allegations under FRCP 12(f) and dismiss plaintiff's cause of action under FRCP 12 (b) (6) insofar as it is premised on an alleged violation of 47 U.S.C. § 227(b)(1)(B).

DATED:     July 3, 2018

THE DEFENDANT,
MEDGUARD ALERT, INC.

BY__/s/ Keith R. Rudzik__
Keith R. Rudzik, Esq.
Fed. Bar. #: ct24007
Howard, Kohn, Sprague & FitzGerald LLP
Post Office Box 261798
Hartford, Connecticut  06126-1798
Phone: (860) 525-3101
Fax: (860) 247-5201
E-mail:krr@hksflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2018, a copy of the foregoing was filed electronically [and served by mail or anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

BY__/s/ Keith R. Rudzik__
Keith R. Rudzik, Esq.
Fed. Bar. #: ct24007
Howard, Kohn, Sprague & FitzGerald LLP
Post Office Box 261798
Hartford, Connecticut  06126-1798
Phone: (860) 525-3101
Fax: (860) 247-5201
E-mail: krr@hksflaw.com