**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| CRAIG CUNNINGHAM, on behalf of himself and all others similarly situated,<br>　　　　Plaintiffs,<br>　vs.<br><br>MEDGUARD ALERT, INC.<br>　　　　Defendants. | Civil Action No.18-cv-00897<br><br><br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' CLASS ALLEGATIONS UNDER FRCP R. 12(f) AND DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b) |

1

Defendant, Medguard Alert, Inc., by and through its undersigned counsel, states the following in further support of its motion to strike plaintiff's class allegations under FRCP 12 (f) and its motion to dismiss plaintiff's cause of action under FRCP 12 (b)(6).

**A. In Opposition, Plaintiff Asserts that his Single Cause of Action is Premised on a Non-Existent Statutory Provision and an FCC Regulation that does not Confer a Private Right of Action**

In his Complaint, Plaintiff asserts a single cause of action, purportedly under 47 U.S.C. §227 (b) (3), which is simply a paragraph that provides for a private right of action for violations of the statute. Given this pleading deficiency, defendant argued that insofar as plaintiff's first cause of action is premised on 47 U.S.C. § 227(b)(1)(B), that cause of action must be dismissed under FRCP 12 (b) (6) because plaintiff is not a residential phone subscriber. In other words, bringing a putative class action complaint does not, by itself, confer standing under statutory provisions that plaintiff could not otherwise invoke individually. Plaintiff fails to oppose defendant's argument. And, an argument not addressed in an opposition brief is considered waived. See *Scott v. Am. Sec. Ins. Co. (In re Scott)*, 572 B.R. 492, 523 (Bankr. S.D.N.Y. 2017) ("It is well settled in the Second Circuit that a plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.") *First Capital Asset Mgmt. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 392-393 (S.D.N.Y. 2002) (argument not addressed in opposition brief deemed waived); *In re UBS Ag Sec. Litig.*, 2012 U.S. Dist. LEXIS 141449, at *34 (S.D.N.Y. Sep. 28, 2012) (same).

Notably, plaintiff does not assert that he is proceeding under 47 U.S.C. §227 (b)(1)(a). Rather, plaintiff asserts that Cunningham "is suing Medguard for making prerecorded or artificial voice advertising calls to Cunningham's cell phone in violation of 47 U.S.C. § 227 (a)(1)(iii) and 47 CFR §§ 64.1200(a)(1)(iii), (2)." (R. Doc. 22, p. 11 of 21). Plaintiff cannot proceed with his claims under either of these statutory provisions. First, 47 U.S.C. § 227

2

(a)(1)(iii) simply does not exist.  Second, CFR 64.1200 does not convey a private right of action. See, e.g. *Jones v. Royal Admin. Servs.,* 866 F.3d 1100 (9th Cir. 2017) (explaining that CFR 64.1200 merely constitutes the Federal Communication Commission's implementing regulations).  Indeed, in *Cunningham v. Carribean Cruise Lines, Inc.,* No. 15-62580-CIV, 2016 U.S. Dist. LEXIS 179758 (S.D. Fla. Dec. 28, 2016), the same plaintiff, Craig Cunningham, had his stand alone CFR 64.1200 claims dismissed because a private right of action was not conferred.  Notably, in *Carribean Cruise Lines, Inc.*, Mr. Cunningham also tried to conflate cell phone calls and residential land line calls.

Defendant acknowledges *Townsend v. Benjamin Enters*., 679 F.3d 41 (2d Cir. 2012), wherein the 2nd Circuit indicated that "the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." But, this case is a putative class action (in which plaintiff seeks to represent cell phone users and residential line subscribers) and it is critical to determine, *inter alia*, which statutory provisions are at issue and whether divergent legal theories and defenses are associated with those statutory provisions.  Plaintiff failed to clearly provide this critical information in the Complaint and now points to statutory provisions which either do not exist or do not provide a private right of action. Given Plaintiff's failure to identify a statutory provision under which he can proceed, the Court should dismiss his claim.

    **B. The Court Should Strike the Class Allegations Pertaining to Residential Line Subscribers**

In his opposition, plaintiff relies heavily on *Langan v. Johnson & Johnson Consumer Cos*., 897 F.3d 88 (2d Cir. 2018) in support of plaintiff's argument that striking the class allegations at the pleadings stage is inappropriate.  But, in *Langan* the court indicated that "the question [] is whether there is a standing problem when a plaintiff attempts to sue on behalf of

3

those who may have claims under different states' laws that generally prohibit the same conduct." Id. at 95.  And, the court simply ruled "whether a plaintiff can bring a class action under the state laws of multiple states is a question of predominance under Rule 23(b)(3), not a question of standing under Article III," and then the court remanded the case to district court for a more rigorous analysis of predominance.  Id. at *96.

Here, however, the question is not whether a class action can be brought under various state consumer protection laws.  Rather, the question is whether a standing problem exists by virtue of the different legal theories and defenses associated with calls to cellular phones versus calls to residential line phones.  In *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.,* 274 F.R.D. 229, 231 (S.D. Ill. 2011), the court noted the different legal theories and different defenses associated with calls to residential telephone lines versus cellular telephone lines and then ruled that a class cannot be certified.  Plaintiff fails to present any cases where these differences were found not to be an insurmountable barrier to certification, but instead characterizes *Vigus* as an outlier and asserts with little explanation that *Vigus* is somehow inconsistent with 2nd Circuit jurisprudence.  Moreover, plaintiff cites largely to cases outside the TCPA context.[1]  And, the TCPA cases plaintiff cites do not address whether a cell phone user can assert class allegations on behalf of residential phone subscribers, let alone whether this is permissible under a statutory provision that does not exist and a CFR provision that does not confer a private right of action.

---

[1] See *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283 (2d Cir. 1999) (seeking certification in an action under Title VII of the Civil Rights Act); *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) (seeking certification for persons whose applications for public assistance had been delayed unlawfully); *Rossini v. Ogilvy & Mather, Inc.,* 798 F.2d 590 (2d Cir. 1986)  (seeking certification in an action under Title VII of the Civil Rights Act); *Green v. Wolf Corp*., 406 F.2d 291 (2d Cir. 1968) (shareholders seeking certification in a case involving allegations of artificial stock inflation); *LeFoll v. Key Hyundai of Manchester, LLC,* No. 3:08-cv-1593 (WWE), 2010 U.S. Dist. LEXIS 44417 (D. Conn. May 6, 2010) (seeking certification under CUTPA and TILA where defendants failed to disclose the first date that payment was due under a retail installment sales contract).

4

Further, while the *Langan* Court indicated that "non-identical injuries of the same general character can support standing,[2]" some of the injuries cited in plaintiff's Complaint could have been sustained by cell phone users but could not possibly have been sustained by residential line subscribers. More specifically, given the holding in *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540 (2016) -- where the United States Supreme Court expressly rejected the argument that a mere procedural violation rises to the level of a concrete harm and noted that a violation of a statute's procedural requirements may result in no harm -- plaintiff's Complaint indicates that the allegedly violative call "used up energy from Plaintiff (sic) cell phone battery." Compl. ¶ ¶ 11, 15. While this alleged concrete harm may apply to cellular phone users like plaintiff, it does not apply to residential line subscribers.

For these reasons, the court should grant defendant's motion.

DATED:   October 5, 2018

        THE DEFENDANT,  MEDGUARD ALERT, INC.

        The Sultzer Law Group, P.C.
        By:   Joseph Lipari /s/
        _____
        Joseph Lipari (pro hac vice)
        Attorneys for MedGuard Alert, Inc.
        14 Wall Street, 20th Floor
        New York, NY 10005
        Tel:  212-618-1938
        Fax: (888) 749-7747

        BY   /s/ Keith R. Rudzik__
        Keith R. Rudzik, Esq.
        Fed. Bar. #: ct24007
        Howard, Kohn, Sprague & FitzGerald LLP
        Post Office Box 261798
        Hartford, Connecticut  06126-1798
        Phone: (860) 525-3101
        Fax: (860) 247-5201
        E-mail:krr@hksflaw.com

---

[2] Id. at 94.

CERTIFICATE OF SERVICE

      I hereby certify that on October 8, 2018, a copy of the foregoing was filed electronically [and served by mail or anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

      BY   /s/ Keith R. Rudzik__
      Keith R. Rudzik, Esq.
      Fed. Bar. #: ct24007
      Howard, Kohn, Sprague & FitzGerald LLP
      Post Office Box 261798
      Hartford, Connecticut  06126-1798
      Phone: (860) 525-3101
      Fax: (860) 247-5201
      E-mail: krr@hksflaw.com