## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CRAIG CUNNINGHAM, on behalf of himself and all others similarly situated,<br>       Plaintiffs,<br>  vs.<br><br>MEDGUARD ALERT, INC.<br>       Defendants. | Civil Action No.18-cv-00897<br><br><br><br>ANSWER AND AFFIRMATIVE DEFENSES |

Defendant, Medguard Alert, Inc. ("MedGuard" or "Defendant"), in answer to plaintiff's Complaint, states as follows:

1. Defendant admits that plaintiff purports to bring a class action as set forth in paragraph 1 of the Complaint, but defendant denies plaintiff is entitled to the relief requested.

2. Defendant denies the allegations set forth in paragraph 2 of the Complaint.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Defendant admits that it is a Connecticut corporation with its principal place of business in Connecticut, as alleged in paragraph 4 of the Complaint.

5. Defendant admits the allegations in paragraphs 5 and 6 of the Complaint.

6. Paragraphs 7 through 10 of the Complaint include legal conclusions which are respectfully referred to the court and for which no response is required. Insofar as a response is deemed required, defendant denies these allegations.

7. Defendant denies the allegations against it in paragraphs 11 through 16.

8. Defendant admits that plaintiff purports to bring a class action as set forth in paragraphs 17 and 18 of the Complaint, but defendant denies plaintiffs are entitled to the relief requested and denies that defendant violated the law and denies that defendant initiated

or caused to be initiated any violative calls as alleged.

9. Defendant denies the allegations in paragraphs 19 through 29 of the Complaint.

10. Defendant repeats, realleges and incorporates by reference each and every response to the allegations contained in Paragraphs 1 through 29 of the Complaint, in response to Paragraph 30, as if fully set forth herein.

11. Defendant denies the allegations set forth in paragraphs 31 through 33 of the Complaint.

## AFFIRMATIVE DEFENSES

MedGuard, by and through its attorneys, asserts the following affirmative defenses and reserves the right to assert additional affirmative defenses as needed and as the litigation continues:

1. Plaintiff's claims are barred in whole or in part by the principles of waiver, estoppel, unclean hands, and/or other equitable doctrines.

2. The damages claimed by Plaintiff are not available at law to remedy the conduct alleged.

3. Plaintiff's damages, if any, are the result of Plaintiff's own actions, omissions, or conduct.

4. Plaintiff's damages, if any, are the result of third parties over whom defendant had and has no control.

5. Plaintiff's claims are barred in whole or in part because Plaintiff has or had a business relationship with defendant.

6. MedGuard cannot be held directly liable because it did not make or initiate the allegedly violative calls.  And, MedGuard cannot be held vicariously liable for the

allegedly violative telephone calls because MedGuard did not, *inter alia*, initiate telemarketing calls and did not exercise sufficient control over the telemarketing methods, acts and/or practices to be liable for such conduct.

7. Plaintiff's claims are barred in whole or in part because he gave express written consent for the telephone calls at issue in this action.

8. Defendant specifically denies that it acted with any willfulness, knowledge, or malice toward Plaintiff.

9. Plaintiff's claims are barred in whole or in part because he lacks standing to sue.

10. Plaintiff's claims are barred in view of the safe harbor provisions of the TCPA.

## JURY DEMAND

Defendant demands a jury trial of all claims asserted by Plaintiff that are triable to a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for an order of adjudication in its favor and against the Plaintiff as follows:

1. Dismissal of the Plaintiff's claims with prejudice and on the merits;

2. Award of Defendant's costs and reasonable attorneys' fees; and

3. Such other and further relief as this adjudicative body deems appropriate.

DEFENDANT,

By: _____/s/ Keith R. Rudzik
Keith R. Rudzik, Esq.
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, Connecticut  06106
(860) 525-3101;
Fed. Bar.No. CT24007
krr@hksflaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on February 7, 2019, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

BY  */s/ Keith R. Rudzik*
Keith R. Rudzik, Esq.
Fed. Bar. #: ct24007
Howard, Kohn, Sprague & FitzGerald LLP
Post Office Box 261798
Hartford, Connecticut  06126-1798
Phone: (860) 525-3101
Fax: (860) 247-5201
E-mail: krr@hksflaw.com